# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DOUGLAS G. TWEEDY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1] Commissioner of Social Security,<br><br>Defendant. | Case No. 2:19-cv-00853-DJA<br><br>**ORDER** |

This matter involves the review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Douglas G. Tweedy's ("Plaintiff") applications for disability insurance benefits under Title II of the Social Security Act, disabled widower's benefits (DWB) under Title II of the Act, and supplemental security income under Title XVI of the Act. The Court has reviewed Plaintiff's Motion for Reversal or to Remand (ECF No. 18), filed on October 17, 2019, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos. 23-24), filed on December 18, 2019. Plaintiff filed a Reply (ECF No. 25) on January 7, 2020.

**I.     BACKGROUND**

**1.     Procedural History**

On October 6, 2015, Plaintiff applied for disability insurance benefits, disabled widower's benefits, and supplemental security income, alleging an onset date of January 1, 2011. AR[2] 276-96. Plaintiff's claims were denied initially, and on reconsideration. AR 149-51 and 192-94. A hearing was held before an Administrative Law Judge ("ALJ") on January 8, 2018. AR 66-109.

---

[1] Andrew Saul is now the Commissioner of Social Security and substituted as a party.

[2] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 14).)

On June 6, 2018, the ALJ issued a decision denying Plaintiff's claim. AR 16-36. The ALJ's decision became the Commissioner's final decision when the Appeals Council finally denied review, on March 18, 2018. AR 1-6. On May 20, 2019 Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No. 1).)

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920.[3] AR 22-31. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of January 1, 2011 through the date of the decision. AR 22. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of diabetes mellitus, type I with neuropathy and asthma. *Id*. He also found Plaintiff's history of colitis and related iron deficiency anemia to be non-severe, but even if he alternatively found it severe and added a work limitation of ready access to a bathroom, then he would deny at step five. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 23. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that he is limited to frequent climbing, balancing, stooping, kneeling, and crouching and occasional crawling, avoid concentrated exposure to heat and cold as well as chemicals and pulmonary irritants such as fumes, odors, dust, gases, smoke and poorly ventilated areas, requires a sit/stand option meaning that he could work while sitting or standing, alternating between the two positions with the time in either position and the frequency of position change at his sole discretion. *Id*.

---

[3] The regulations relevant to Title II and Title XVI claims are almost identical; the Court will only cite Title II regulations for the remainder of this Order.

The ALJ found that Plaintiff is not capable of performing any past relevant work. AR 29. At step five, the ALJ found Plaintiff to be a younger individual age 18-49 on the alleged disability onset date with a subsequent change to closely approaching advanced age, limited education, able to communicate in English, and transferability of job skills not material, and there are jobs that exist in significant numbers in the national economy that he can perform. *Id.* at 29-30. The ALJ considered the Medical-Vocational Rules 203.26 and 203.19 along with the erosion of the unskilled medium occupational base due to the additional RFC limitations and relied on vocational expert testimony to find the following jobs were capable of being performed: office helper, information clerk, and hand packager. *Id.* at 30. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from January 1, 2011 through the date of the decision. *Id*. at 31.

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines

substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.  Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. §

404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20

---

[4] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §

404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3. Analysis**

**a. Whether the ALJ Properly Assessed the Opinion Evidence**

Plaintiff contends that the ALJ failed to properly weigh the opinion of Plaintiff's treating endocrinologist, Guang T. Nguyen, D.O., and thus, the RFC is not supported by substantial evidence. (ECF No. 18). Specifically, he contends that the ALJ erred in discounting Plaintiff's reported neuropathic limitations by affording Dr. Nguyen's more restrictive opinion little weight and adopting the opinion of the non-examining State agency physician who specializes in gynecology to find that Plaintiff could perform medium work. (*Id.* at 15-19). Plaintiff also argues that the ALJ's reliance on the fact that Plaintiff failed to follow the treatment prescribed by Dr. Nguyen is misplaced given the side effects that Plaintiff suffered in managing his Type I diabetes. (*Id.* at 19-20). Finally, Plaintiff claims that the ALJ's failure to provide adequate reasons for rejecting Dr. Nguyen's opinion warrants remand or reversal because under Dr. Nguyen's recommended RFC, Plaintiff would be found disabled at step five. (*Id.* at 21).

The Commissioner responds that Dr. Nguyen's opinion is inconsistent with the minimal objective findings in the record, lacked any explanation to support the severe limitations assessed and contradicted by Plaintiff's good response to medication when he was compliant with the treatment prescribed. (ECF No. 23, 8-16). Plaintiff replies that the Commissioner is attempting to support the ALJ's opinion evidence assessment with reasons not included in the ALJ's explanation of the weight assigned. (ECF No. 25, 2-4). He further underscores his argument that the ALJ failed to address probative evidence in the record, cited unrelated objective evidence to discount Dr. Nguyen's opinion, failed to discuss the side effects suffered by Plaintiff, and the factors set forth in SSR 16-3p that are relevant as to why Plaintiff had difficulty managing his Type I diabetes' symptoms. (*Id.*).

The Court finds that ALJ's assignment of little weight to Dr. Nguyen's opinion is supported by substantial evidence. In deciding how much weight to give a medical opinion, the ALJ considers factors including, e.g., the treating or examining relationship of the opinion's source and the claimant; how well the opinion is supported; and how consistent the opinion is with the record as a whole. See 20 C.F.R. § 404.1527(c). In evaluating medical opinions, the ALJ must provide "clear and convincing" reasons supported by substantial evidence for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).

Here, the ALJ specifically explained that Dr. Nguyen's opinion is not proportionate and inconsistent with the objective medical findings. AR 28. For example, the ALJ noted that there were limited abnormal findings of elevated glycated hemoglobin, decreased or absent sensation in the first digit of Plaintiff's left foot and episodes of dyspnea during an upper respiratory infection, but otherwise normal findings on examination. *Id.* As such, the ALJ articulated the lack of support in the objective medical records as one reason for assigning little weight to Dr. Nguyen's opinion. The Court is not persuaded by Plaintiff's claim that the ALJ ignored probative evidence by only mentioning loss of sensation in one digit of Plaintiff's foot. He clearly provided a summary of the overall medical evidence and Plaintiff's attempt to cherry-pick some objective medical evidence does not warrant overturning the ALJ's assessment of Dr Nguyen's opinion.

The ALJ also noted that Dr. Nguyen's opinion as to the more restrictive sitting, walking/standing, break, and absence limitations lacked any explanation. *See Caudhry v.* Astrue, 688 F.3d 671 (9th Cir. 2012) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (quoting *Bray*, 554 F.3d at 1228). The Court finds that this second reason articulated by the ALJ for assigning little weight to Dr. Nguyen's opinion is supported by substantial evidence. The ALJ is not bound to rubber stamp an opinion – even that from a treating physician and a specialist – that is conclusory and inadequately supported. *See, e.g., Thomas*, 278 F.3d at 957. Although Plaintiff seeks to discount the ALJ's consideration of the non-examining State agency physician's opinion that supported the assigned RFC, the Court finds that the ALJ

properly considered this other opinion evidence as an indication that Dr. Nguyen's restrictions were inconsistent with the entirety of the record.  Indeed, the ALJ actually assigned a more restrictive RFC than that proposed by consultative examiner Dr. Cabaluna.  He also assigned some weight and little weight to the opinions from State agency medical consultants Dr. Michelson and Dr. Duong, respectively, and provided an explanation for his evaluation.

Further, the ALJ properly considered the fact that Plaintiff responded well to medication when he was compliant with treatment.  AR 28.  This does not mean that the ALJ ignored the side effects of Plaintiff's medication or difficulties in dealing with his Type I diabetes.  This appears to be an attempt to conflate the ALJ's evaluation of Plaintiff's subjective testimony with the ALJ's evaluation of Dr. Nguyen's opinion.  Overall, the Court finds that the ALJ's assignment of little weight to Dr. Nguyen's opinion is sufficiently explained in the decision and well-supported by the overall record such that the Court may not substitute its judgment.  *See Burch*, 400 F.3d at 679.  Therefore, the Court concludes that the ALJ's decision is supported by substantial evidence and free from reversible legal error.

### III.	CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 18) is **denied**.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 23) is **granted**.

The Clerk shall enter judgment accordingly and close the case.

DATED: February 7, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE